**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05-CR-0070-001-CVE** |
| | ) | |
| **JOHN THOMAS WATTERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Writ of Error Audita Querela Pursuant to Title 28 U.S.C. § 1651 or Alternative Remedies (Dkt. # 143). Defendant claims that "truly extraordinary circumstances" exist that require the Court to resentence him, because United States Sentencing Guidelines unfairly punish persons charged with the distribution and possession of marijuana. Dkt. # 143. He claims that new scientific research shows the "benefits of marijuana use and its generally benign nature," and he argues that persons charged with marijuana crimes should not be punished as harshly as persons who commit crimes involving more harmful illegal drugs such as heroin and cocaine. Id. at 8-10. Defendant requests leave to proceed in forma pauperis. Dkt. # 145. However, there is no filing fee for the post-conviction motion filed by defendant, and his request to proceed in forma pauperis is moot.

On April 8, 2005, a grand jury returned an indictment charging defendant with conspiracy to violate the federal drug laws (count one), possession of marijuana with intent to distribute (count two), maintaining a drug involved premises (count three), and possession of a firearm after prior felony conviction (count four). Dkt. # 3. Defendant exercised his right to a jury trial and he was convicted on all counts. Dkt. ## 61, 62, 63, 64. Before the trial, the government had filed an

enhancement information (Dkt. # 40) under 21 U.S.C. § 851 and defendant was subject to a mandatory minimum sentence of 20 years on counts one and two.  The Court sentenced defendant to the statutory mandatory minimum sentence of 240 months.  Dkt. # 77.  Defendant appealed his convictions, and his convictions were affirmed.  Dkt. # 103.  On October 14, 2008, defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 114), and his motion was denied.  Dkt. # 127.  Defendant sought a certificate of appealability from the Tenth Circuit Court of Appeals, but his request was denied and his appeal from the denial of his § 2255 motion was dismissed.  Dkt. # 138.

In defendant's current motion (Dkt. # 143), he argues that his sentence was excessive in light of new scientific evidence suggesting that marijuana is not as harmful as other illegal drugs, and he requests that he be resentenced.  Before the Court can review the merits of defendant's motion, he must show that he is authorized to seek relief under the All Writs Act, which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651.  However, common law writs, such as the writ of error coram nobis and writ of audita querela, are extraordinary remedies which are allowed under compelling circumstances only.  United States v. Morgan, 346 U.S. 502 (1954) ("Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed only under circumstances compelling such action to achieve justice.").  As an extraordinary remedy, relief under the All Writs Act is available only when § 2255 motions or other forms of relief are not available.  Ward v. United States, 381 F.2d 14, 15 (10th Cir. 1967); Adam v. United States, 274 F.2d 880, 882 (10th Cir. 1960); see also Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity

2

of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). "The writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable-generally when the petitioner has served his sentence completely and thus is not longer 'in custody' as required for § 2255 relief." Blanton v. United States, 94 F.3d 227, 231 (6th Cir. 1996). The writ of audita querela is similar but not identical to the writ of error coram nobis. A writ of error coram nobis is used to "attack a judgment that was infirm [at the time it issued], for reasons that later came to light," while a writ of audita querela "is used to challenged 'a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.'" United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002).

Defendant is plainly challenging the validity of his convictions and sentence, and his motion does not mention the standards for filing a second or successive § 2255 motion. To the extent that defendant seeks a reduction of his sentence, the Court lacks the authority to grant relief under the All Writs Act. Neither a writ of error coram nobis nor a writ of audita querela is the appropriate avenue for relief when asking a federal court to vacate or set aside a criminal conviction or sentence that the defendant is currently serving. Id. at 1245. Instead, defendant must seek relief under § 2255. Defendant filed a § 2255 motion (Dkt. # 114) asserting numerous claims, and his motion was denied. See Dkt. # 127. A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255.  See 28 U.S.C. § 2255(h); Torres, 282 F.3d at 1246.  The fact that defendant does meet the criteria to file a second or successive § 2255 motion does not show that § 2255 is an inadequate remedy.  Caravalho, 177 F.3d at 1179 ("the mere fact [that defendant] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate").  Defendant's exclusive remedy to challenge the validity of his conviction or sentence is a § 2255 motion, and he may not rely on the All Writs Act to avoid the requirements for filing a second or successive § 2255 motion.

In his supporting brief (Dkt. # 144), defendant also argues that he is entitled to seek relief under Fed. R. Civ. P. 60(b).  Dkt. # 144, at 15.  Under Tenth Circuit precedent, a motion to reconsider the denial of a § 2255 motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]."  United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006).  However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 59(e) or 60(b) without construing the motion as a second or successive § 2255 motion.  See Gonzalez v. Crosby, 545 U.S. 524 (2005).  To avoid classification as a second or successive § 2255 motion, the Rule 59(e) or 60(b) motion must challenge "some defect in the integrity of the federal habeas process," rather than the "substance of the federal court's resolution of a claim on the merits."  Id. at 532.  The Tenth Circuit does not distinguish between a Rule 59(e) motion to alter or amend judgment and a Rule 60(b) motion when considering whether a motion should be treated as a true motion for relief from judgment or as a second or successive § 2255

4

motion.  See Pedraza, 466 F.3d at 933.  If the motion to reconsider is more properly classified as a second or successive § 2255 motion, this Court lacks jurisdiction to consider a second or successive § 2255 motion and defendant must request permission from the Tenth Circuit to file a second or successive § 2255 motion.  See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).  Defendant's request for relief under Rule 60(b) is not a true motion to reconsider, because he challenges the length of his sentence on substantive grounds and he is not arguing that there was a procedural error in the resolution of a prior § 2255 motion.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction."  In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction."  Cline, 531 F.3d at 1251.  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."  Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)(noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).  The Court finds that defendant's motion should be

dismissed for lack of jurisdiction, because the motion is a second or successive § 2255 motion and the interests of justice do not require this Court to transfer defendant's motion to the Tenth Circuit. Defendant does not assert any claim that meets the requirements of § 2255(h) for filing a second or successive § 2255 motion, and there is no possibility that a meritorious claim will be lost absent transfer of defendant's motion to the Tenth Circuit.

**IT IS THEREFORE ORDERED** that defendant's Writ of Error Audita Querela Pursuant to Title 28 U.S.C. § 1651 or Alternative Remedies (Dkt. # 143) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that defendant's motion to proceed in forma pauperis (Dkt. # 145) is **moot**.

**DATED** this 19th day of March, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

6